**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

HARVIS BOLDEN,

    Plaintiff,

v.

S.A.B.E.,

    Defendant.

CIVIL ACTION NO.: 6:15-cv-84

## O R D E R

This matter is before the Court on Plaintiff's Affidavit and Motion to Proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, the Court **DEFERS** ruling on Plaintiff's Motion for Leave to Proceed in Forma Pauperis and **ORDERS** him to file an amended complaint that complies with the Federal Rules of Civil Procedure within **fourteen (14) days** of the date of this Order. Additionally, the Court provides directives to Plaintiff regarding the requirement that he pursue available administrative remedies prior to filing this action.

    **I.    Motion to Proceed in Forma Pauperis**

Through his Motion for Leave to Proceed in Forma Pauperis, Plaintiff asserts that he does not have the resources to pay the civil filing fee, and, therefore, he seeks to proceed without the prepayment of that fee. (Doc. 2.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a

claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a Complaint on an application to proceed in forma pauperis, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.2001)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Fernandez Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its current form, Plaintiff's Complaint does not comply with the Federal Rules of Civil Procedure's requirements for pleading. Put succinctly, under those rules, "the complaint must identify each of the laws the plaintiff claims that the defendant has violated in separate counts of the complaint, and for each count, identify in separate numbered paragraphs the pertinent facts which support the contention that the defendant acted in violation of that law." Fleur v. Publix Supermarkets, No. 8:12-CV-848-T-23TGW, 2012 WL 1806718, at *1 (M.D. Fla. Apr. 27, 2012) (citing Fed. R. Civ. P. 8, 10 and McNeil, 508 U.S. at 106). Rather than a "short and plain statement" of his claims against Defendant, Plaintiff levies conclusory allegations that Defendant discriminated and retaliated against him in violation of Title VII of the Civil Rights Action of 1964, or the Age Discrimination in Employment Act (ADEA). (Doc. 1.) He provides no factual support for these assertions.

Additionally, Plaintiff's current Complaint does not state a claim upon which relief can be granted. Again, the Complaint only includes conclusory allegations that Defendant unlawfully retaliated and discriminated against Plaintiff. (Doc. 1.) Plaintiff used a form to file his Complaint, and in the section that directed him to given a brief, concise statement of the specific facts involved in his case, Plaintiff only included a conclusory statement that he was terminated on January 28, 2013 for engaging in protected activity after filing a charge of discrimination on July 24, 2012. (Id. at 2-3.) Thus, the face of the Complaint does not contain basic factual information, such as what Plaintiff's position of employment was, the substance of his charge of discrimination, how he was subjected to a hostile work environment, and the basis of defendant's alleged discrimination (i.e., race, color, religion, sex, national origin, or age). Even after a careful reading of Plaintiff's Complaint, the Court is in the dark as to how Defendant allegedly discriminated against him. Consequently, the Complaint does not contain "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). As the Supreme Court has made clear, a Complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557.)

Due to these deficiencies, Plaintiff's Complaint is due to be dismissed under Section 1915(e)(2)(B). In this circumstance, however, the Court will permit Plaintiff an opportunity to remedy his deficient Complaint by filing an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (after review pursuant to Section 1915(e)(2)(B)(ii), district court should have given indigent plaintiff leave to amend deficient complaint as permitted under Federal Rule of Civil Procedure 15). Accordingly, the Court gives Plaintiff **fourteen (14) days** from the date of this Order to amend his Complaint to state a plausible claim against Defendant. If Plaintiff does not amend his Complaint within this time period, the Court may dismiss this action.

## II. Pursuit of Available Administrative Remedies

Additionally, the Court forewarns Plaintiff that he may not sue under Title VII or the ADEA unless he first pursues available administrative remedies. To that end, an aggrieved employee must file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). See Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir.2004); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir.2001). Generally, in a non-deferral state, such as Georgia, a charge of discrimination is timely filed if it is filed within 180 days after the alleged act of discrimination. 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(d) (1); Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir.2003). After filing a charge of discrimination, an employee must wait at least sixty days before filing a lawsuit under the ADEA. Bost, 372 F.3d at 1238. Under

Title VII, the employee must wait for the EEOC to issue a right to sue letter before filing suit. If a Title VII plaintiff has not received a right to sue letter at the time that suit is filed, the Title VII action is subject to dismissal without prejudice. Burns v. Zadach, No. CV408-197, 2009 WL 136065, at *1 (S.D. Ga. Jan. 20, 2009). Further, a plaintiff proceeding under either Title VII or the ADEA must file a civil action in the appropriate district court within ninety days of receiving a right to sue letter from the EEOC. Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000) ("Title VII and ADEA actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge."). Pertinent to Plaintiff's allegations, the requirement to exhaust administrative remedies applies with equal force to retaliation claims that arise before an initial charge is filed with the EEOC. Gregory v. Georgia Dep't of Human Res., 355 F.3d 1277, 1278 (11th Cir. 2004) (where alleged basis for plaintiff's retaliation claim was termination of employment prior to the filing of EEOC charge, plaintiff had to allege facts in her EEOC charge that could reasonably have been extended to encompass her claim for retaliation).

The Court cannot ascertain what measures Plaintiff took to exhaust his administrative remedies. He indicates that he filed a charge of discrimination on July 24, 2012. (Doc. 1 at 2.) However, it is not clear if this charge was filed with the EEOC or if this was filed internally with the employer. Additionally, the Complaint makes no mention of whether Plaintiff received a right to sue letter and, if so, when. Accordingly, Plaintiff is hereby **ORDERED** to include in his amended complaint information regarding any efforts he has made to exhaust his administrative remedies including, but not limited to, whether he has filed a charge of discrimination with the EEOC, the contents of any such charge, whether he has received a right to sue letter, and when he received such a letter.

## CONCLUSION

For the above stated reasons, the Court **DEFERS** ruling on Plaintiff's Motion for Leave to Proceed in Forma Pauperis (doc. 2) at this time. Plaintiff is **ORDERED** to file an amended complaint **within fourteen (14) days** of the date of his Order. That amended complaint must include sufficient factual matter to state a claim to relief that is plausible on its face including information regarding Plaintiff's efforts to exhaust his administrative remedies. After that complaint is filed, the Court will conduct the requisite frivolity review and rule on Plaintiff's Motion for Leave to Proceed in Forma Pauperis. If Plaintiff does not file an amended complaint, the Court may dismiss this action.

**SO ORDERED**, this 4th day of August, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA