IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

HARVIS BOLDEN, JR.,      *
           *
    Plaintiff,      *
           *
    v.             *
           *
S.A.B.E.,            *      6:15-cv-84
           *
    Defendant.      *
           *
           *
           *

**O R D E R**

Presently before the Court is Defendant's motion to dismiss. (Doc. 12.) Defendant's motion seeks the dismissal of Plaintiff's age and race discrimination claims for failure to exhaust administrative remedies and Plaintiff's retaliation claim for failure to state a claim upon which relief may be granted. For the reasons below, Defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part.

**I. BACKGROUND**

Plaintiff alleges that Defendant discriminated against him because of his race and age. (Am. Compl., Doc. 4 at 2.) He further alleges that Defendant retaliated against him for filing an Equal Employment and Opportunity Commission ("EEOC") charge in February 2012. (Id. at 3-4.)

Defendant has terminated Plaintiff on two occasions, the first time in June 2012. After his termination, Plaintiff filed a charge of race and age discrimination with the EEOC in September 2012. (2012 EEOC Charge, Doc. 12., Ex. A.) The parties chose to mediate, and Defendant agreed to rehire Plaintiff in November 2012 and pay him $300 in lost wages. (Mediation Settlement Agreement, Doc. 12, Ex. B at 2.) For his part, Plaintiff agreed "not to institute a lawsuit under Title VII . . . or the Age Discrimination in Employment Act (ADEA) based on" his 2012 EEOC Charge. (Id. at 1.) After mediating his 2012 charge, Plaintiff returned to work. (Am. Compl., Doc. 4 at 4.)

Around January 30, 2013, Defendant terminated Plaintiff again. (Am. Compl., Doc. 4 at 2-4.) Immediately after his termination, Plaintiff filed a second EEOC charge, this time claiming retaliation for opposing unlawful employment practices. (Id. at 4; 2013 EEOC Charge, Doc. 12, Ex. C.) He did not mention race or age discrimination in the 2013 EEOC Charge. (See 2013 EEOC Charge, Doc. 12, Ex. C.)

Plaintiff received a right-to-sue letter from the EEOC in April 2015 and commenced this suit in July 2015. (Am. Compl., Doc. 4 at 4, 6.) Defendant then moved to dismiss. (Doc. 12.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a defendant's Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include enough "factual allegations to raise a right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Although a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 556 U.S. at 555).

At the same time, a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Kabir v. Statebridge Co., No. 1:11-cv-2747, 2011 WL 4500050, at *2 (N.D. Ga. Sept. 27, 2011) (citing Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992

F.2d 1171, 1174 (11th Cir. 1993)). At this stage, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

Further, "[a]lthough *pro se* pleadings are held to a less stringent standard than pleadings filed by lawyers and are generally construed liberally, Alba v. Montford, 517 F.3d 1249, 252 (11th Cir. 2008) . . . , this liberal construction does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Giles v. Wal-mart Distribution Ctr., 359 F. App'x 91, 93 (11th Cir. 2008) (internal quotations omitted).

Defendant also moved to dismiss for failure to exhaust administrative remedies. "Exhausting administrative remedies . . . is a prerequisite to . . . filing an employment discrimination action under Title VII" of the Civil Rights Act of 1964. Tillary v. U.S. Dept. of Homeland Sec., 402 F. App'x 421 (11th Cir. 2010). "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . should be raised in a motion to dismiss." Tillary, 402 F. App'x at 424 (quotations omitted).

### III. DISCUSSION

**A. Motion to Dismiss for Failure to Exhaust Administrative Remedies for Race and Age Claims**

Defendant argues that this Court lacks jurisdiction over Plaintiff's race and age claims because he failed to exhaust his administrative remedies by not including those claims in his 2013 EEOC filing. As explained below, the Court finds that dismissal of Plaintiff's race discrimination claims is warranted.

Failure to exhaust administrative remedies is a matter in abatement and, although non-jurisdictional, may be raised in a Rule 12(b) motion. Tillary, 402 F. App'x at 424; see Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1005 (11th Cir. 1982). "Prior to filing a Title VII action . . . , a plaintiff first must file a charge of discrimination with the EEOC." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279-80 (11th Cir. 2004). The Eleventh Circuit "has noted that judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate." Id. A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir.2000) (internal quotation and citation omitted).

"The proper inquiry here therefore is whether [Plaintiff's] complaint was like or related to, or grew out of, the allegations contained in her EEOC charge." Gregory, 355 F.3d at 1279-80.

The face of Plaintiff's 2013 EEOC Charge reveals that Plaintiff did not include race or age discrimination allegations.[1] In particular, to identify the basis for his discrimination charge, Plaintiff marked the "retaliation" box but not the boxes for race or age discrimination. (2013 EEOC Charge, Doc. 12, Ex. C at 1.) Likewise, Plaintiff indicated that he believed Defendant discriminated against him in retaliation for his opposition to unlawful employment practices. (Id.) The 2013 EEOC Charge is silent regarding race and age, and race or age claims are not related to and do not grow out of the allegations in the 2013 EEOC Charge. Thus, the Court **GRANTS** Defendant's motion to dismiss for failure to exhaust

---

[1] Although the present motion is a 12(b) motion, circuit precedent permits the Court to consider these documents. Bryant v. Rich directs district courts to resolve factual disputes as to exhaustion of administrative remedies on a motion to dismiss if (1) the factual disputes do not decide the merits of the claims and (2) the parties had a sufficient opportunity to develop the record. Tillary, 402 F. App'x at 423 (citing Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008)). Here, resolving Defendant's motion will not require the Court to consider the merits of Plaintiff's claim, and the Court gave Plaintiff notice that it was considering Defendant's motion to dismiss and an opportunity to develop the record. (See Docs. 13, 17.) Plaintiff filed an additional objection to Defendant's motion to dismiss including exhibits in support of his position. (Doc. 18.) Accordingly, Bryant permits the Court to consider Plaintiff's 2012 and 2013 EEOC Charges and the Mediation Settlement. (Doc. 12, Exs. A-C.)

administrative remedies for Plaintiff's race and age discrimination claims.

### B. Motion to Dismiss Plaintiff's Retaliation Claim

Defendant argues that Plaintiff's retaliation claim fails to state a claim upon which relief may be granted because Plaintiff failed to plead a causal connection between his termination and protected activity.

A prima facie case for Title VII retaliation requires a plaintiff to show that he engaged in a statutorily protected activity, suffered a materially adverse employment action, and a causal link between the two. Dixon v. The Hallmark Cos., Inc., 627 F.3d 849, 856 (11th Cir. 2010). For a retaliation claim to survive a motion to dismiss, a plaintiff must plausibly allege that the retaliation was a "but-for" cause of the employer's adverse action, not just a substantial or motivating factor. Univ. of Tex. Sw. Med. Ctr. V. Nassar, --- U.S. ---, 133 S.Ct. 2517, 2533 (2013)). But-for causation does not require Plaintiff to submit proof that retaliation was the only cause of the employer's action. Plaintiff must only show "that the adverse employment action would not have occurred in the absence of the protected activity." Smith v. City of New Smyrna Beach, 588 F. App'x 965, 981 (11th Cir. 2014).

Courts have construed the causal link element broadly. To survive a motion to dismiss, a plaintiff is only required to

7

allege that the Defendant knew of the protected activity and "that there was a close temporal proximity between this awareness and the adverse . . . action." Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004). If there is a significant time gap, such as more than three months, between the protected activity and the adverse action, a plaintiff must allege additional facts that demonstrate a causal connection. See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007). However, close temporal proximity is only one of several methods of demonstrating a causal connection. Therefore, "a court cannot simply engage in a rote evaluation of [a] time lag in evaluating the sufficiency of a retaliation claim, but instead must read the complaint holistically and take into account relevant context." El-Saba, 2015 WL 5849747, at *15 (internal quotations omitted).

Turning to Plaintiff's allegations, Plaintiff's 2012 EEOC Charge for race and age discrimination following his first termination constituted protected activity, and Plaintiff suffered a materially adverse employment action when Defendant terminated his employment in January 2013. Only the existence of a causal connection is in dispute. Defendant argues that the six-month gap between the first EEOC claim in 2012 and the second termination is not sufficiently close in proximity to demonstrate a causal connection.

In the Amended Complaint, Plaintiff alleges that, upon returning to work after the mediation of his 2012 EEOC Charge, Defendant locked Plaintiff's truck in a repair shop without notice and engaged in other acts that forced Plaintiff to miss valuable work engagements. (Am. Compl., Doc. 4 at 4.); see El-Saba, 2015 WL 5849747, at *15 (noting that "evidence of recurring retaliatory animus during the intervening period can be sufficient to satisfy the element of causation") (quoting Lettieri v. Equant Inc., 478 F.3d 640, 650 (4th Cir. 2007)). Additionally, at this stage of litigation, Defendant has not persuaded the Court that it should measure temporal proximity from Plaintiff's 2012 EEOC Charge rather than the mediated settlement of the charge in November 2012, which occurred just two months before Defendant terminated Plaintiff again in January 2013. See Ward v. United Parcel Serv., 580 F. App'x 735, 739 (11th Cir. 2014) (evidence demonstrating that an employer acted upon the first opportunity to retaliate against an employee could show a causal connection); Dale v. Wynne, 497 F.Supp. 2d 1337, 1346 (M.D. Ala. 2007) ("In this instance, a six-week gap is enough to show temporal proximity, particularly because Dale's return to work was the first opportunity Wilson had to retaliate against her.").

Given the context supplied by his pleadings, Plaintiff plausibly alleged a causal connection between his termination and the filing of his 2012 EEOC Charge. The Court, therefore,

9

**DENIES** Defendant's motion to dismiss with respect to Plaintiff's retaliation claim.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of July, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA