IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

HARVIS BOLDEN, JR.,          *
                             *
        Plaintiff,           *
                             *
        v.                   *
                             *          CV 615-084
S.A.B.E.,                    *
                             *
        Defendant.           *
                             *
                             *

---

**O R D E R**

---

In this Title VII retaliation case, Plaintiff moves for summary judgment. But because he has not offered any evidence supporting his argument, Plaintiff's motion (doc. 30) is **DENIED**.

## I.  Background

In 2012, Plaintiff filed an EEOC charge against Defendant, alleging that he had been suspended from his position because of his race. (See Doc. 12-1 at 2-3.) The parties successfully resolved that dispute through mediation. (See id. at 5-6.) But only a few months after he returned to work, Plaintiff alleges, Defendant fired Plaintiff. (Doc. 4 at 4.) Plaintiff, in response, filed another EEOC charge and then this lawsuit, alleging that he was fired based on his race and age and in retaliation for filing the 2012 EEOC charge.

Defendant moved to dismiss Plaintiff's complaint. (Doc. 12.) The Court granted Defendant's motion with respect to Plaintiff's race- and age-discrimination claims but allowed Plaintiff's retaliation claim to proceed. (See Doc. 19.) Plaintiff now moves for summary judgment.

## II. Summary-Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). When the non-movant has the burden of

proof at trial, the movant may carry the initial burden in one of two ways — by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark, 929 F.2d at 608.

If — and only if — the movant carries its initial burden, the non-movant may avoid summary judgment only by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. If the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at

3

trial on the material fact sought to be negated." Fitzpatrick,
2 F.3d at 1116. If the movant shows an absence of evidence on a
material fact, the non-movant must either show that the record
contains evidence that was "overlooked or ignored" by the movant
or "come forward with additional evidence sufficient to
withstand a directed verdict motion at trial based on the
alleged evidentiary deficiency." Id. at 1117. The non-movant
cannot carry its burden by relying on the pleadings or by
repeating conclusory allegations contained in the complaint.
See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981).
Rather, the non-movant must respond with affidavits or as
otherwise provided by Federal Rule of Civil Procedure 56.

In this action, the Clerk of the Court gave Defendant
notice of the motion for summary judgment and informed it of the
summary-judgment rules, the right to file affidavits or other
materials in opposition, and the consequences of default. (Doc.
31.) The notice requirements of Griffith v. Wainwright, 772
F.2d 822, 825 (11th Cir. 1985) (per curiam), are thus satisfied.
The time for filing materials in opposition has expired, and the
motion is now ripe for consideration.

### III. Discussion

It is unlawful under Title VII for an employer to
discriminate against an employee because the employee opposed an
unlawful employment practice. 42 U.S.C. § 2000e-3(a). A

plaintiff pursuing Title VII retaliation claims must first establish a prima facie case of retaliation. See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007). To do so, a plaintiff must show that "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) he established a causal link between the protected activity and the adverse action." Bryant v. Jones, 575 F.3d 1281, 1307-08 (11th Cir. 2009). The burden then shifts to the defendant to articulate a legitimate, non-retaliatory reason for its actions. See Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1181 (11th Cir. 2010). If the defendant carries its burden, the plaintiff must then show that the proffered reason was pretext for retaliation. Id. at 1182.

In his motion for summary judgment, Plaintiff states: "I[,] Harvis Bolden Jr., swear that this is true. The Defendant S.A.B.E. has no [g]enuine triable dispute, or any evidence of failure to adhere to company policy." (Doc. 30 at 2.) Plaintiff then lists, without explanation, under the heading "Undisputed Facts" the following: "Tardiness"; "Absence"; "Insubordination"; and "Not wearing safety gear." (Id.) Plaintiff also attached to his motion a copy of the parties' settlement agreement from the 2012 mediation, two "employee warning" reports, and a letter concerning his firing. (Docs. 30-1, 30-2, 30-3, 30-4.)

5

Plaintiff, however, has not provided any evidence showing that he is entitled to summary judgment. Indeed, the only relevant evidence in the record before the Court are Plaintiff's two EEOC charges, which show, at most, that Plaintiff engaged in protected conduct and suffered an adverse employment action. But even assuming Plaintiff has shown the first two elements of a prima facie case of retaliation, Plaintiff has not offered any evidence establishing a causal link between his firing and the filing of the EEOC charge. Plaintiff's motion for summary judgment therefore is **DENIED**.

## IV.  Conclusion

Plaintiff's motion for summary judgment (doc. 30) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 22nd day of August, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA